**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JARED SEARLES,                                          Civil Action No.:1:21-cv-06570
                                    Plaintiff,

                                                        **AMENDED COMPLAINT**
              -against-                                 **JURY TRIAL DEMANDED**

UNITED STATES OF AMERICA,
                                    Defendant.
-----------------------------------------------------------------X
              Plaintiff, JARED SEARLES, by his attorneys, REDMOND LAW PLLC,

complaining of the defendants herein, respectfully alleges as follows:

### Basis of Jurisdiction

1.    This is an action involving plaintiff, Jared Searles, a New York and United States

citizen, who, on July 5, 2020, at the Federal Metropolitan Correctional Center, located at

150 Park Row, New York, New York, was assaulted, battered and seriously injured by

several fellow inmates while the prison personnel actually knew and /or should have known

that the attack was going to happen.  Due to the fact that the prison personnel- Warden,

Guards and other prison employees- were told by plaintiff's Criminal Defense Attorney that

the attack was imminent, their actions of allowing the plaintiff to be attacked and injured-

amounted to the **intentional** infliction of emotional distress, **intentional** infliction of

physical harm and their acts and actions or inaction should be deemed as **lazy, careless** and

inappropriate because the prison personnel knew such was the case.  These actions or

inactions were negligent and wrongful acts and omissions to act by the defendants.

### The Amount in Controversy

2.    Due to the fact that the plaintiff was stabbed in the head, facial area, both arms

and left shoulder and he was seriously and permanently injured, plaintiff is demanding that

he be compensated in the amount of $500,000.00.

## Statement of Claim

### Nature of the Action

3.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

### Parties

4.   At all relevant times, plaintiff JARED SEARLES, was a citizen of the United States and a resident at The Metropolitan Correctional Center located at 150 Park Row, New, New York.

5.   The defendant is the UNITED STATES OF AMERICA, acting through its various agencies, including but not limited to the Metropolitan Correctional Center an agency operating under the auspices of the Federal Bureau of Prisons, the U.S. Department of Justice and the Federal Bureau of Prisons a federal an agency operating under the auspices of the U.S. Department of Justice.

### Jurisdiction and Venue

6.      Jurisdiction for this action in the United States District Court arises under 28 U.S.C. Section 1346(b) as the defendant is responsible for the care and maintenance of the Metropolitan Correctional Center and its associated housing area. Also, jurisdiction is proper under the Federal Torts Claims Act, 28 U.S.C. 2675(a) which provides that a tort claim which is administratively denied may be presented to a Federal District Court for judicial consideration and reconsideration. Venue is proper under 28 U.S.C. Section 1391 and 28 U.S.C. Section 1402 based on the location of the occurrence, plaintiff's residence at Metropolitan Correctional Center and the property owned and maintained by the defendant is located within this judicial district.  Venue and Jurisdiction is also proper, when as in this

case, the allegations are that the jail personnel intentionally allowed the plaintiff to be assaulted and placed in fear for his life.

### Jury Demand

7.      Plaintiff demands a trial by jury in this action.

### Factual Allegations

8.    Upon information and belief, defendant the UNITED STATES OF AMERICA at all times herein mentioned owned, operated, maintained, staffed and controlled the Metropolitan Correctional Center located at 150 Park Row, New York, New York 10007.

9.    Upon information and belief, the UNITED STATES OF AMERICA maintains responsibility for the maintenance and oversight of the Metropolitan Correctional Center including its housing area used by its inmates.

10. Upon information and belief, the UNITED STATES OF AMERICA had a reasonable duty to keep the housing area at the Metropolitan Correctional Center safe and secure for all persons using said facility.

11. At all times mentioned, the defendant hired and/or employed certain staff, correction officers, officers, janitors, administrative aides and prison personnel at then aforesaid the Metropolitan Correctional Center.

12. That at all times herein mentioned, the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel were employees of the defendant and in doing the things hereinafter mentioned, were acting with the consent, express and implied and within the scope of their employment and authority as such agents and employees of defendant.

13. That at or about July 5, 2020 at the Metropolitan Correctional Center, plaintiff was stabbed and assaulted by multiple inmates in the time between 6:00 pm - 10:00 pm.

14. That on July 5, 2020 multiple inmates stabbed plaintiff JARED SEARLES on the head, facial area, forearm, both elbows and left shoulder. This led to cause plaintiff suffer severe injuries. There were also attacks upon plaintiff in the days preceding this incident.

15. The assaults and attacks of the preceding days were **"notice" to the prison/jail personnel** of the fact that plaintiff was a target and further attacks were imminent.

16. Additionally, on July 2, 2020, plaintiff's Criminal Defense Attorney reached out to the jail facility and informed the prison personnel that plaintiff was in danger of being violently assaulted in the prison.

17. Upon information and belief that the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel were aware of this history of assault and should have known based upon custom and practice as well as information from plaintiff's Criminal Defense Attorney- that another attack and assault was being planned against plaintiff.

18. That on July 5, 2020 the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel **intentionally** allowed multiple inmates to attack the plaintiff and be assaulted in the head, facial area, forearm, both elbows and left shoulder.

19. That on July 5, 2020 the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel **intentionally** failed to provide safe and secure housing area.

20.  That on July 5, 2020 the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel **intentionally** failed to provide adequate security in the housing area.

21.  That as a result of the actions and/or non-actions- **intentional laziness** of the defendant there was created an environment of harm existing.

22.  That as a result of the defendants *intentional* failure to take any steps to prevent or warn of an unsafe and unsecure housing area on July 5, 2020 between 6:00 pm - 10:00 pm the plaintiff, JARED SEARLES, was stabbed on the head, facial area, forearm, both elbows, left shoulder and assaulted by multiple inmates.

23.  Upon information and belief, the defendant had a duty to the inmates and public utilizing the housing area to determine if dangerous safety condition existed and remedial actions needed to be taken, rules needed to be implemented to prevent the assault.

24.  That as a result of the aforesaid plaintiff was assaulted by multiple inmates, forced to suffer extensive and severe injuries including his head, facial area, forearm, both elbows and left shoulder.

## First Cause of Action State Law Assault and Battery – INTENTIONAL FEAR OF IMMINENT PHYSICAL CONTACT

25.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.  By its conduct, as described herein, the defendant is liable for plaintiff's injuries.

27.  Defendant the UNITED STATES OF AMERICA, is responsible for the wrongdoing of its agents, employees and staff, under the doctrine of *respondeat superior.*

28. As a direct and proximate result of defendant's conduct, plaintiff sustained damages hereinbefore alleged.

29. Because the prison personnel were aware, or should have been aware, of the imminent threat of assault upon plaintiff- and plaintiff was aware of the fact that he was about to be assaulted, the prison personnel **intentionally** put plaintiff in fear of imminent physical contact.

30. Because the prison personnel were aware, or should have been aware, of the imminent threat of assault upon plaintiff- and plaintiff was aware of the fact that he was about to be assaulted, the prison personnel **intentionally** allowed plaintiff to be assaulted and battered and seriously injured.

### **Second Cause of Action  Intentional Infliction of Emotional Distress**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendant the UNITED STATES OF AMERICA, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result.

33. Because the prison personnel were aware, or should have been aware, of the imminent threat of assault upon plaintiff- and plaintiff was aware of the fact that he was about to be assaulted, the prison personnel were **lazy and careless** in their failure to perform their discretionary duties- specifically keeping plaintiff out of harms-way and causing plaintiff to be assaulted and battered and seriously injured.

34.  Because plaintiff was aware of the fact that he was about to be assaulted – due to the fact that he informed his attorney of this fact and that he knew the attorney informed the prison personnel-  the prison personnel were aware, or should have been aware, of the imminent threat of assault upon plaintiff- and plaintiff was aware of the fact that he was about to be assaulted, the prison personnel were **lazy and careless** in their failure to perform their discretionary duties- specifically keeping plaintiff out of harms-way and allowing plaintiff to be assaulted and battered and seriously injured.  These actions by the prison personnel amount to the intentional infliction of emotional distress.

### Third Cause of Action  Negligent Hiring/Training/Retention/Entrustment

35.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.  Defendant the UNITED STATES OF AMERICA, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

37.  Defendant the UNITED STATES OF AMERICA, had actual and constructive notice of the fact that plaintiff was about to be assaulted by other inmates- due to the fact that he was previously assaulted in the days preceding this incident- and the custom and practice of inmates is to continue with such beatings and based on the fact that plaintiff's Criminal Defense Attorney informed the prison personnel that another assault was about to occur. Accordingly, the UNITED STATES OF AMERICA owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

38.  Upon information and belief, defendant the UNITED STATES OF AMERICA's agents, employees and staff, were unfit and incompetent for their position.

39.  Upon information and belief, defendant the UNITED STATES OF AMERICA not properly hired, retained and trained to proper control the inmates.

40.  Upon information and belief, defendant the UNITED STATES OF AMERICA knew or should have known through the exercise of reasonable diligence that inmates were potentially dangerous.

41.  Upon information and belief, defendant the UNITED STATES OF AMERICA's negligence in screening, training, disciplining, its agents, employees and staff, proximately caused each of plaintiff's injuries.

42.  As a direct and proximate result of the defendant's conduct, plaintiff sustained the damages hereinbefore alleged.

## FOUTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43.  Plaintiff repeats and reallege each and every allegation as if fully set forth herein.

44.  By reason of the foregoing, defendant the UNITED STATES OF AMERICA's agents, employees and staff, acting in their capacity and within the scope of their employment, were negligent in committing conduct that intentionally inflicted emotional distress upon plaintiff.

45. The negligent infliction of emotional distress by defendant, the UNITED STATES OF AMERICA, its agents, employees and staff, was unnecessary and unwarranted in the performance of their duties.

46. Defendant UNITED STATES OF AMERICA is responsible for the wrongdoing of its agents, employees and staff, under the doctrine of *respondeat superior*.

47. As a direct and proximate result of the defendant's conduct, plaintiff sustained the damages hereinbefore alleged.

48. As a direct and proximate result of the defendant's conduct, plaintiff sustained the damages hereinbefore alleged.

49. That as a result of the negligence of the defendant, the plaintiff was stabbed and assaulted by multiple inmates causing the aforementioned severe injuries resulting in pain and suffering, permanent loss of range of motion, permanent scarring and a loss of use and enjoyment of the use of forearm, both elbow, left shoulder, severe emotional trauma, injuries to the head, facial area and other related injuries.

50. That the accidents and resulting injuries were caused solely by the negligence of the defendant without any negligence on behalf of the plaintiff contributing thereto.

51. That as a direct and proximate result of the negligent acts of the defendant described above, the plaintiff has been injured in the amount of $5,000,000.

52. That the plaintiff complied with all statutory duties regarding the commencement of this action.

53. That the plaintiff complied with all statutory duties regarding providing notice to the United States of America.

**WHEREFORE**, Plaintiff, demands the following relief against defendant:

(a)   a judgment declaring the actions and conduct of defendant negligent;

(b)   full and fair compensatory damages in an amount to be determined by a jury;

(c)   punitive damages in an amount to be determined by a jury;

(d)   pre- and post-judgment interest; and

(e)   such other and further relief as this Court may deem just and proper.

Dated: November 26, 2022
      New York, New York

REDMOND LAW FIRM, PLLC

By: _____
Cornelius J. Redmond, Esq.
Attorneys for Plaintiff
80 Broad St., Suite 1202
New York, New York 10004
(212) 799-8989 X-36

## <u>VERIFICATION</u>

STATE OF NEW YORK    }

} ss:

COUNTY OF NEW YORK }

I, the undersigned, an attorney duly admitted to practice law in the State of New York, state that I am a member of the firm REDMOND LAW FIRM, PLLC, attorneys of record for the plaintiff in the within action; I have read the foregoing

### COMPLAINT

and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe to be true.

The grounds of my belief as to all matters not stated upon my knowledge, are as follows: entire file maintained in your deponent's offices, investigations, etc.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
      November 26, 2022

By: _____
         Cornelius J. Redmond, Esq.