UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARED SEARLES,

                Plaintiff,

   v.

UNITED STATES OF AMERICA,

                Defendant.

No. 21-CV-6570 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On July 20, 2022, the Court granted Defendant's motion to dismiss and gave Plaintiff leave to amend by no later than August 20, 2022. On August 25, 2022, Plaintiff filed a notice of appeal to the Court of Appeals for the Second Circuit, and the next day, sought an extension of time in this Court to amend the Complaint. The Court denied Plaintiff's application, indicating that it lacked subject matter jurisdiction in light of Plaintiff's pending appeal. On October 7, 2022, Plaintiff once again sought leave to amend the Complaint, requesting that the Court issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 stating that the Court would grant leave to amend if the Court of Appeals were to remand the action. The Court granted Plaintiff's request on October 13, 2022, indicating that it would grant his motion for an extension of time to file an amended complaint if the Second Circuit were to remand the matter. On November 21, 2022, the Court granted Plaintiff's motion to reopen the case.

    On November 26, 2022, Plaintiff filed an amended complaint. On December 9, 2022, Defendant timely filed a motion to dismiss the amended complaint. After Plaintiff failed to file an opposition to the motion to dismiss, the Court ordered Plaintiff to respond by no later than January 27, 2023 if he intended to so. To date, Plaintiff has not filed a response. Given Plaintiff's failure to

file an opposition to the motion to dismiss, the Court deems the motion fully briefed and takes it under submission. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) ("[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.").

No later than May 23, 2023, Plaintiff shall file a letter on the docket indicating whether he intends to pursue this action. If the Court does not receive a communication from Plaintiff by that date, it may dismiss this action failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

Dated:   May 16, 2023
         New York, New York

Ronnie Abrams
United States District Judge